UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
          :
SOPHIE CAHEN VORBURGER,        :
         Plaintiff,  :
    -v-         :       18-CV-7515 (JPO)
         :
JP MORGAN CHASE BANK, N.A.,     :      OPINION AND ORDER
         Defendant.  :
-----------------------------------------------------------X

J. PAUL OETKEN, District Judge:

    Plaintiff Sophie Cahen Vorburger brings this action alleging misconduct regarding the handling of her mortgage and ultimate foreclosure and eviction. The First Amended Complaint ("FAC") was filed on September 21, 2018. (Dkt. No. 25.) Defendant JP Morgan Chase Bank, N.A. ("JP Morgan"), now moves to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 29.) For the reasons that follow, the motion to dismiss is granted.

**I.    Background**

    Vorburger initially filed this action on August 17, 2018, seeking an emergency stay of her eviction. (Dkt. No. 2.) On September 21, 2018, this Court denied the stay pursuant to the *Rooker-Feldman* doctrine. (Dkt. No. 26.) That same day, Vorburger filed an amended complaint. (Dkt. No. 25.) On November 21, 2018, JP Morgan filed a motion to dismiss the amended complaint. (Dkt. No. 29.) Almost five months after the filing of JP Morgan's motion to dismiss, Vorburger had still not filed an opposition to the motion. Consequently, on April 1, 2019, this Court ordered Vorburger to file an opposition by April 26, 2019, or the motion to dismiss would be considered unopposed. (Dkt. No. 33.) Thereafter, the Court granted five separate extensions. (Dkt. Nos. 35, 36, 39, 41, 46.)

1

The final extension granted made clear that Vorburger should file her opposition by August 14, 2019, and again warned that the motion would be considered unopposed if she failed to do so. (Dkt. No. 46.) Vorburger's most recent request to extend her response deadline to September 15, 2019, was denied by this Court. (Dkt. No. 50.) Accordingly, this Court considers JP Morgan's motion to dismiss unopposed.

## II. Legal Standard

"[A]lthough a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining . . . ." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000). Accordingly, the district court must determine whether dismissal is appropriate on the merits, as "the plaintiff's failure to respond . . . does not warrant dismissal." *Id.* at 323.

A district court properly dismisses an action under Rule 12(b)(1) if the court "lacks the statutory or constitutional power to adjudicate it." *Garcia v. Lasalle Bank NA.,* No. 16 Civ. 3485, 2017 WL 253070, at *3 (S.D.N.Y. Jan. 19, 2017) (quoting *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015)). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir. 2005). In considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a court must accept as true all the material factual allegations contained in the complaint, but a court is "not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004). Additionally, a court "may refer to evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Dismissal under Rule 12(b)(6) is proper when a complaint lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In deciding an unopposed motion to dismiss, a court is to assume the truth of a pleading's factual allegations and test only its legal sufficiency." *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (internal quotation marks and ellipses omitted); *see Blanc v. Capital One Bank*, No. 13 Civ. 7209, 2015 WL 3919409, at *2–3 (S.D.N.Y. June 24, 2015). "A document filed *pro se*," like the complaint here, "is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Nonetheless, even *a pro se* complaint must contain "factual allegations sufficient to raise a right to relief above the speculative level," including "an allegation regarding [each] element necessary to obtain relief." *Blanc*, 2015 WL 3919409, at *2 (internal quotation marks omitted).

## III. Discussion

Vorburger primarily alleges that because JP Morgan never legally owned her note, it did not have standing to foreclose upon her. (FAC ¶¶ 13–17, 20–26, 50–62.) However, to the extent that Vorburger complains that the state-court foreclosure occurred, this Court does not have jurisdiction to adjudicate her claims under the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine encapsulates "the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). There are four factors a court must consider to determine whether *Rooker-Feldman* is a bar to federal jurisdiction: (1) "the federal-court plaintiff must have lost in state court," (2) "the plaintiff must complain of injuries caused by a state-court judgment," (3) "the plaintiff must invite district court review and rejection of that judgment," and (4) "the state-court judgment must have been

rendered before the district court proceedings commenced." *Id.* (internal quotation marks and alterations omitted).

Here, all four prongs of the *Rooker-Feldman* doctrine are met. First, Vorburger lost in state court when that court entered a judgment of possession which awarded the property to JP Morgan and issued a warrant of eviction for all occupants of the apartment. (*See* Dkt. No. 29-20.) Second, in the operative complaint, Vorburger alleges that the state-court foreclosure was invalid (*see* FAC ¶¶ 13–17, 20–26, 50–62) — thus "complaining of injuries caused" by the state-court judgment. Third, Vorburger asks this Court to "vacat[e] the sale and [r]everse the transfer of the [co-op] shares" for her apartment (FAC at 17), thus "invit[ing] district court review and rejection" of the state court's judgment. Finally, the judgment of possession is dated March 22, 2018. (Dkt. No. 29-20.) This action was initiated on August 17, 2018, some five months later. (*See* Dkt. No. 2.) Accordingly, all claims regarding injury caused by perceived deficiencies in the foreclosure action must be dismissed. In particular, any claims that Vorburger seeks to assert regarding tortious interference, fraud, and misleading the court are dismissed pursuant to the *Rooker-Feldman* doctrine.

Vorburger further alleges that JP Morgan violated the Real Estate Settlement Procedures Act ("RESPA") when handling the transfer of her mortgage. (*See* FAC ¶¶ 14–19.) The alleged violations took place in 2008 or 2009 and in 2011. (FAC ¶¶ 14–16.) There are three privately enforceable sections of RESPA — 12 U.S.C. §§ 2605, 2607, and 2608. *See* 12 U.S.C. § 2614. If Vorburger is alleging a violation of 12 U.S.C. § 2605, her claims must be brought within three years of the alleged violation. *Id.* If she is alleging a violation of 12 U.S.C. § 2607 or 12 U.S.C. § 2608, her claims must be brought within one year of the alleged violation. *Id.* Because this action was filed in 2018, seven years after the alleged 2011 violation, all of her RESPA claims are time-barred. Consequently, all RESPA claims must be dismissed. In particular, this Court

4

determines that the predatory lending practices and failure of proper disclosure claims are based on RESPA and are dismissed.

The original complaint further asserted Truth in Lending Act ("TILA") claims. (*See* Dkt. No. 2.) It is unclear whether those claims were intended to survive into the operative complaint, because Vorburger does not indicate the statutes upon which her claims are based when she enumerates them. It is possible that her deceptive advertising claim was intended to be her earlier stated TILA claim. To the extent that is true, her TILA claims are also time-barred. "Private actions for damages based on TILA violations are subject to a one-year statute of limitations." *Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 285 (S.D.N.Y. 2011). JP Morgan foreclosed upon Vorburger in 2014. (FAC ¶ 20). Any possible TILA violations must have taken place before JP Morgan terminated its lending relationship with Vorburger five years ago. Accordingly, any TILA claims must be dismissed.

Even if Vorburger's complaint is interpreted as alleging deceptive advertising under state law, such a claim is also time-barred. The deceptive advertising statute in New York is N.Y. Gen. Bus. §§ 350 *et seq.* However, "New York courts have uniformly applied a three-year statute of limitations to . . . section 350 cases." *Gristede's Foods, Inc. v. Unkechauge Nation*, 532 F. Supp. 2d 439, 452 (E.D.N.Y. 2007). Because, like the potential TILA claims, any deceptive advertising would have had to take place before 2014, the deceptive advertising claims must be dismissed as time-barred.

Finally, Vorburger makes a claim of "harassment." (FAC at 17.) However, she discusses alleged misconduct perpetrated only by the co-op board of her apartment building, which is not a party to this litigation, rather than JP Morgan. (*See* FAC ¶¶ 30–47.) Critically, a complaint must have "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. It is unclear under which provision of

federal or state law this "harassment" claim is based on, but as none of the facts suggest a basis for liability on the part of JP Morgan, any possible harassment claims must be dismissed.

The Second Circuit has held that "[d]istrict courts should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend . . . . However, leave to amend is not necessary when it would be futile." *Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Vorburger is not granted leave to amend any claims related to the state-court foreclosure judgment because they are barred by the *Rooker-Feldman* doctrine. Further, she is not granted leave to amend her RESPA, TILA, or state-law deceptive advertising claims because they are time-barred. Any leave to amend those claims would be futile. However, she is granted leave to amend her "harassment" claim. If she chooses to amend, she must allege facts that would support liability on the part of JP Morgan for some tortious conduct that would constitute harassment.

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. Plaintiff is granted leave to file an amended complaint asserting any "harassment" claims she may have, provided that she does so on or before October 30, 2019. If no amended complaint is filed on or before October 30, 2019, this action will be dismissed with prejudice.

The Clerk of Court is directed to close the motion at Docket Number 29.

SO ORDERED.

Dated: September 30, 2019
      New York, New York

                                           J. PAUL OETKEN
                                      United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*