```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| SOPHIE CAHEN VORBURGER,<br>                              Plaintiff,<br><br>         -v-<br><br>J.P. MORGAN CHASE BANK, N.A.,<br>                              Defendant. | 18-CV-7515 (JPO)<br><br>ORDER |

J. PAUL OETKEN, District Judge:

On January 29, 2020, Plaintiff filed a letter requesting a fourth extension to file her second amended complaint in this action. (Dkt. No. 60.) For the following reasons, Plaintiff's request for an extension is denied.

The procedural history of this case is instructive. In November 2018, Defendant filed a motion to dismiss the first amended complaint. (Dkt. No. 29.) Almost five months after the filing of Defendant's motion to dismiss, Plaintiff had still not filed an opposition to the motion. Consequently, on April 1, 2019, this Court ordered Plaintiff to file an opposition by April 26, 2019, or the motion to dismiss would be considered unopposed. (Dkt. No. 33.) Thereafter, the Court granted five separate extensions. (Dkt. Nos. 35, 36, 39, 41, 46.) In granting the final extension, the Court made clear that Plaintiff should file her opposition by August 14, 2019, and again warned that the motion would be considered unopposed if she failed to do so. (Dkt. No. 46.) Instead, she filed her sixth and seventh requests for an extension, which were ultimately denied. (Dkt. Nos. 48–50.)

This Court, after Defendant's motion to dismiss had been pending for ten months, ultimately considered the motion unopposed, and granted Defendant's motion to dismiss on September 30, 2019. (Dkt. No. 51.) In this Court's opinion, Plaintiff was granted leave to

amend only any "harassment" claims she may have had, as the vast majority of her claims were either time-barred or barred by the *Rooker-Feldman* doctrine. (Dkt. No. 51 at 6.) Following this Court's opinion, Plaintiff has been granted three separate extensions, over which she was allowed four months to file an amended complaint. (Dkt. Nos. 53, 55, 58.) In the order granting the final extension, Plaintiff was told in no uncertain terms that there would be no further extensions. (Dkt. No. 58.)

Plaintiff explains in each letter that she has been ill, preventing her from filing first her opposition to Defendant's motion to dismiss and now her amended complaint. However, this Court has to consider possible prejudice to Defendant and the interest in finality. The vast majority of the claims in this case have been dismissed and cannot be re-raised. And this case simply cannot be allowed to linger indefinitely until Plaintiff becomes willing or able to meaningfully participate in this lawsuit.

Accordingly, this case is hereby DISMISSED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: February 5, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*

2